This document is deemed filed on 11/9/18 pursuant to Local Rule 5001-2 governing after hours filings.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Chapter 7 Bankruptcy |
| BRUCE FARLOW, | Case No: 8:18-bk-06677-MGW |
| Debtor. _____/ | |
| JOHN D. GENTIS, SHALIMAR MHP, LLC, a Florida limited liability company, and GFB PARTNERS, LLLP, a Florida limited liability limited partnership, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No.: _____ |
| BRUCE L. FARLOW, | |
| Defendant. _____/ | |

### COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS

Plaintiffs-Creditors, John D. Gentis ("Mr. Gentis"), Shalimar MHP, LLC ("Shalimar"), and GFB Partners, LLLP ("GFB"), files this Complaint against Bruce L. Farlow, (the "Debtor" or "Mr. Farlow") for determination that particular debts relating to the unauthorized personal use of company funds are excepted from discharge pursuant to Sections 523(a)(2)(A), 523(a)(4) and 523(a)(6) of Title 11, U.S. Code (the "Bankruptcy Code") and in support, Plaintiffs allege as follows:

# 145165

### JURISDICTION

1.  On August 10th, 2018, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court of the Middle District

00887189-1                                  1

of Florida.

2. As of the date of this Complaint, the Debtor has not been granted a discharge.

3. On August 14, 2018, Form 309A, Notice of Chapter 7 Bankruptcy Case was filed, which set the relevant deadlines in this matter.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on November 12, 2018.

5. This is an adversary proceeding in which the Plaintiffs-Creditors are seeking a determination that certain debts owed by the Debtor are excepted from discharge pursuant to Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § § 523.

7. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

9. Plaintiff, Mr. Gentis, is an individual who is a resident of Sarasota County, Florida. He is also the managing member of Shalimar and the manager of GPGFB, LLC, a Florida limited liability company which acts as the managing member of GFB.

10. Plaintiff, Shalimar, is a Florida limited liability company based in Sarasota County that owns and operates mobile home parks in this state.

11. Plaintiff, GFB, is a Florida limited liability limited partnership based in Sarasota that owns North River Estates, a manufactured home community in Ellenton, Florida.

12. Defendant/Debtor, Mr. Farlow is an individual who, at all times relevant to this proceeding, has been a resident of Sarasota County, Florida. Mr. Farlow formerly worked for

00887189-1                                                2

Mr. Gentis by assisting him with various business-related interests, including Shalimar and GFB.

## BACKGROUND FACTS

13. Mr. Farlow assisted Mr. Gentis from approximately 2000 until he fired Mr. Farlow in December, 2014 for misconduct, which included but was not limited to the unauthorized use of business credit cards and taking money from company bank accounts for the payment of Mr. Farlow's personal expenses in 2013 and 2014.

14. Mr. Farlow was responsible, in part, for assisting Mr. Gentis with his management of Shalimar and GFB.

15. Mr. Gentis became suspicious of Mr. Farlow in 2014 following a series of business errors, his failure to forward mail to Mr. Gentis, and improperly overstating his working hours. Mr. Gentis subsequently discovered that Mr. Farlow was using business credit cards and bank accounts for unauthorized personal expenses, at which point he realized that his trust in Mr. Farlow was misplaced.

16. When Mr. Gentis discovered Mr. Farlow's misconduct in 2014 and fired him, he demanded that Mr. Farlow repay the money he had taken without authorization from Shalimar and GFB.

17. Mr. Farlow has failed and refused to pay any of the money he took improperly from Shalimar and GFB.

18. Prior to filing this lawsuit, Mr. Gentis has expended untold time, effort and money to resolve this dispute with Mr. Farlow.

19. At the time of this filing, Mr. Farlow is believed to have made improper credit card charges and unauthorized withdrawals from Shalimar and GFB, totaling over $100,000.

20. On July 21, 2017, Plaintiffs Gentis, Shalimar and GFB filed a civil action in

Sarasota County, Florida, Case No.: 2017 CA 03660, which involves unpaid personal loans from Mr. Gentis to Mr. Farlow associated with Mr. Farlow's lengthy and hotly-contested divorce proceedings and the unauthorized money taken out of Shalimar and GFB described above.

21. Debtor, Mr. Farlow, filed the instant bankruptcy case in order to avoid providing further discovery in the state court lawsuit regarding his defalcation of corporate funds from Shalimar and GFB.

22. The above referenced case has been stayed as a result of Mr. Farlow's bankruptcy proceeding.

23. For present purposes, Plaintiffs are not alleging that the personal loans are excepted from discharge under Bankruptcy Code § § 523.

24. This adversary proceeding is based solely on Mr. Farlow's unauthorized withdrawal of money from Shalimar and GFB and unauthorized credit card charges used for Mr. Farlow's personal benefit.

25. Mr. Gentis has retained undersigned counsel to represent him in this proceeding and has agreed to pay a reasonable fee for their services.

### COUNT ONE -- Non-Dischargeability of Defendant's Debt Under Section 523(a)(2)(A) of the Bankruptcy Code

26. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1128(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>     (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>     (A) false pretenses, a false misrepresentation or actual fraud,

other than a statement respecting the debtor's or an insider's financial condition...

28.  The unauthorized withdrawal of money from Shalimar and GFB and the unauthorized credit card charges used for Mr. Farlow's personal benefit are non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

### COUNT TWO -- Non-Dischargeability of Defendant's Debt Under Section 523(a)(4) of the Bankruptcy Code

29.  Plaintiffs incorporate the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

30.  Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1128(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> (4)   for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...

31.  The unauthorized withdrawal of money from Shalimar and GFB and the unauthorized credit card charges used for Mr. Farlow's personal benefit are non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of the Bankrupcy Code § 523(a)(4).

### COUNT THREE -- Non-Dischargeability of Defendant's Debt Under Section 523(a)(6) of the Bankruptcy Code

32.  Plaintiffs incorporate the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

33.  Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1128(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

34. The unauthorized withdrawal of money from Shalimar and GFB and the unauthorized credit card charges used for Mr. Farlow's personal benefit are non-dischargeable as it is a debt for willful and malicious injury by the debtor to another entity or to the property of another within the meaning of the Bankrupcy Code § 523(a)(6).

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a Judgment determining that the debt specified above is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)(6) and for such further relief as the Court deems just and equitable.

November 9, 2018

                                                  I<small>CARD</small>, M<small>ERRILL</small>, C<small>ULLIS</small>, T<small>IMM</small>,
                                                  F<small>UREN</small> & G<small>INSBURG</small>, P.A.

By: _____
W. ANDREW CLAYTON, JR.
Florida Bar No. 0739464
WORTH S. GRAHAM
Florida Bar No. 0092417
2033 Main Street, Suite 600
Sarasota, FL 34237
Telephone: (941) 366-8100
Facsimile: (941) 366-6384
Email: dclayton@claytonlawyers.com
Email: wgraham@icardmerrill.com
*Attorneys for Plaintiffs*



ORIGIN ID:BOWA  (941) 366-8100
MIKE BRAGG
2033 MAIN STREET
SARASOTA, FL 34237
UNITED STATES US

SHIP DATE: 09NOV18
ACTWGT: 1.00 LB
CAD: 111713460/INET4040

BILL SENDER

TO  **MIDDLE DISTRICT OF FLORIDA - TAMPA**
**UNITED STATES BANKRUPTCY COURT**
**801 NORTH FLORIDA AVENUE**
**SUITE 555**
**TAMPA FL 33602**
(813) 301-5162      REF: 70047-112737
INV:
PO:                         DEPT:




MON - 12 NOV 8:00A
FIRST OVERNIGHT

TRK# 7736 9465 9790
0201

**3K KYOA**

33602
FL-US  TPA






